vSTATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0610

ANNE OGDEN, INDIVIDUALLY AND O/B/O MINOR CHILD

VERSUS

ST. TAMMANY PARISH SCHOOL BOARD, W.L. FOLSE, III,
IN HIS CAPACITY AS SUPERINTENDENT,
ST. TAMMANY PARISH SCHOOLS

Judgment Rendered: **FEB 2 0 2020**

* * * * * * *

APPEALED FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF ST. TAMMANY
STATE OF LOUISIANA
DOCKET NUMBER 2018-11379, DIVISION "A"

HONORABLE RAYMOND S. CHILDRESS, JUDGE

* * * * * * *

Charles N. Branton
Covington, Louisiana

Attorney for Plaintiff/Appellant
Anne Odgen, Individually and o/b/o
Minor Child

David S. Pittman
Shane A. Jordan
Covington, Louisiana

Attorneys for Defendants/Appellees
St. Tammany Parish School Board
and W.L. Folse, III, in his capacity
as Superintendent, St. Tammany
Parish Schools

**BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.**

Theriot, J Agrees and Assigns Additional Reasons

**McDonald, J.**

This case involves the interpretation and application of the Immersion School Choice Law, La. R.S. 17:273.3. On March 22, 2018, the plaintiff, Anne Ogden, filed suit individually and on behalf of her minor child, a rising kindergarten student in St. Tammany Parish, naming as defendants the St. Tammany Parish School Board (STPSB) and W.L. Folse, III, in his capacity as Superintendent of St. Tammany Parish Schools. Ms. Ogden asked for declaratory judgment, injunctive and incidental relief, and an expedited hearing, and prayed that the defendants be ordered to create a French immersion program in time for the 2018-2019 school year and to hold open enrollment for the 2018-2019 school year. After a trial on the merits, the petition was denied and the suit was dismissed. After review, we dismiss the appeal in part as moot, reverse the judgment in part, and grant a permanent injunction.

## FACTS AND PROCEDURAL HISTORY

Louisiana Revised Statute 17:273.3 was enacted in 2013, and has been amended several times.[1] The statute notes that (1) research indicates that students who participate in foreign language immersion programs, particularly French, demonstrate greater levels of proficiency in the English language, higher overall academic achievement, and higher levels of self-esteem; (2) learning a second language has a positive effect on intellectual growth and increased awareness of diverse cultures through access to history, art, and literature; (3) students in foreign language immersion programs have been shown to demonstrate enhanced cognitive functions in solving complex problems and mathematical computations

---

[1] We refer to the version of the statute in effect between July 1, 2014, and July 31, 2018. After the petition was filed, La. R.S. 17:273.3 was amended by Acts 2018, No. 622, § 1, effective August 1, 2018.

2

through the development of more divergent and higher order thinking skills; and (4) in Louisiana, French language development and French language immersion programs, in particular, provide a better understanding of the state's social traditions and serve to promote, preserve, and develop our unique bilingual culture. La. R.S. 17:273.3B.

The statute further provided that local public school boards may establish a foreign language immersion program, beginning with the 2014-2015 school year, if requested in writing by the parents or legal guardians of at least twenty-five students seeking to be enrolled in kindergarten or of at least twenty-five students seeking to be enrolled in first grade who resided within the jurisdictional boundaries of the school district. La R.S. 17:273.3C(1) and (2)(a). The parents or legal guardians of the students were required to commit in writing to the program, and the written requests had to be submitted to the local school board not later than March first prior to the school year in which the program is to be established. La. R.S. 17:273.3C(2)(a)(i) and (ii).

In her petition, Ms. Ogden alleged that she, along with the parents of 62 other minor children, had petitioned the St. Tammany Parish School System to create a French immersion program for the 2018-2019 school year. Ms. Ogden asserted that in August 2017 she met with Regina Sanford, assistant superintendent of the St. Tammany Parish Middle School, State Representative Reid Falconer, Bill Arceneaux and Peggy Feehan of CODOFIL, and Michelle Braud of the Louisiana Department of Education. Ms. Odgen maintained that at the meeting, she made her request for a French language immersion program officially known to the STPSB. Thereafter, on November 29, 2017 Ms. Sanford sent Ms. Ogden an email

3

indicating that the French language immersion program would require more planning than originally believed, and thus, the STPSB could not commit to adding the program for the next school year.

Ms. Ogden asserted that "[o]nce the [STPSB] declined to voluntarily start a French Immersion program the parents of St. Tammany had no choice but to invoke their rights pursuant to the Immersion School Choice Law." Ms. Ogden maintained that she presented the petition executed by 36 parents of rising kindergarten students and 27 rising first grade St Tammany Parish Students to the STPSB on February 8, 2018 (20 days prior to the deadline set out by the Immersion Choice Law). Thereafter, the STPSB indicated it would have to verify the petitioners. The STPSB created a form entitled "WRITTEN REQUEST AND STUDENT OBLIGATION FOR [ESTABLISHMENT] OF A FRENCH LANGAGE [sic] IMMERSION PROGRAM," which was provided to Ms. Ogden on February 20, 2018. She maintains that she was told to distribute the form and ensure its execution and return it to the STPSB by March 1, 2018. Ms. Ogden asserts that the form required parents to waive their right to go to their local school without disclosing where the French immersion program would be held, and that the STPSB refused to provide bus transportation. Ms. Ogden also asserted that implicit in the form is an indication that the STPSB will create only one kindergarten French immersion program and one first grade French immersion program, regardless of the number of applications, and that the STPSB would create a lottery system if there were over 25 students in a grade, and would terminate the program if there were less than 20 students.

Ms. Ogden prayed that the defendants show cause why the French

4

immersion program should not be created as requested, why enrollment should not remain open for the 2018-2019 school year until August 9, 2018, why declaratory judgment should not issue recognizing petitioners' interest in the creation of the program and recognizing their right to have their children enrolled in a French immersion program for the 2018-2019 school year, why any type of waiver form should not be enjoined, and for such other relief as prayed for or found reasonable, be granted.

The defendants filed exceptions of improper use of summary proceedings, no cause of action, no right of action, lack of subject matter jurisdiction, and an opposition to the request for injunctive relief. The defendants also filed an answer to the petition.

The exceptions of improper use of summary proceedings, no cause of action, no right of action, and lack of subject matter jurisdiction were heard on May 14, 2018. On June 1, 2018, the trial court signed written reasons for judgment denying the exceptions of no right of action and no cause of action and granting the exception of improper use of a summary proceeding. The trial court found that a hearing on the merits was necessary for the court to arrive at a decision regarding the responsibility of the STPSB in establishing the French immersion program.[2]

The case went to trial on July 30, 2018. At the close of trial, the court took the matter under consideration. Thereafter, the trial court signed a judgment on September 10, 2018, denying Ms. Ogden's claims and dismissing the suit against the defendants with prejudice.

In its reasons for judgment, the trial court found in part:

---

[2] While the written reasons for judgment state that "[a] Judgment consistent with these reasons will be signed when it is presented to the Court", no judgment on the exceptions is found in the record on appeal.

5

Plaintiff seeks a declaration prohibiting the requirement of a parental waiver form designed and utilized by the "STPSB" to ensure that the statutory requirements have been met in order to move forward with the Immersion Program. The Court concludes that the "STPSB" acted within its authority to require a written commitment from the statutorily designed number of affected parents.

Anne Ogden and Jean Craddock are parents who seek to have the "STPSB" establish a Foreign Language Immersion Program, particularly French, for the 2018-2019 school year. Pursuant to [La. R.S.] 17:273 et seq, a local school board, if requested in writing by parents or legal guardians of at least twenty-five students seeking to be enrolled in kindergarten, or twenty-five students seeking to be enrolled in first grade, who reside within the district, shall establish a Foreign Language Immersion Program as long as 5 enumerated requirements are met. Mrs. Ogden notified the "STPSB" in 2017 of her interest in, and request for, a French Immersion Program.

Dr. Regina Stanford, Assistant Superintendent For Curriculum, spoke with Mrs. Ogden and State Representative Reid Falconer about establishing such a program. On October 24, 2017, she visited Lafayette in order to observe that French Immersion program. By November 29, 2017, Dr. Sanford informed Mrs. Ogden that due to logistical issues, the "STPSB" could not commit to such a program on a voluntary basis. That decision was made by Superintendent "Trey" Folse and Dr. Sanford.

Thereafter, Mrs. Ogden created a petition, or interest survey on Facebook, to inform parents and determine interest in the French Immersion program. On February 8, 2018, which is 20 days before the deadline set forth in the statute, the parents of 36 rising kindergarten students and 27 rising first grade students executed the petition which was then presented to the "STPSB," along with a copy of the statute and all necessary documentation (proper funding per the Louisiana Department of Education, and a CODIFIL letter confirming the availability of French Immersion instructors.) Of the interested parents, only 17 kindergarten parents and 16 first grade parents were committed "yes", which falls short of the 25 commitments per grade level as required by statute.

In response, the "STPSB" created a new form (Plaintiff Exhibit 4, Defense Exhibit 3) to be filled out by each parent verifying their interest and domicile. The form was sent to Mrs. Ogden and she was told to circulate it and have the parents sign and return by March 8, 2018. The form added a further requirement not found in the [statute]: parents were required to waive their rights to go to their local school, without the "STPSB" disclosing the location of the Immersion program. Parents were further informed that the "STPSB" would

6

unilaterally choose the location, based on availability of the school rather than on the location of the petitioning parents. This could be across the parish, with no bus transportation. When only 22 Kindergarten parents and 12 First grade parents returned the verified applications, the "STPSB" declined to create the French Immersion program.

The petition seeks to test the authority of the "STPSB" to utilize the application form. Although the requirements contained in the form are onerous, they are a reflection of the statutory requirements, and are necessary for any school board to make the commitment necessary to create a Foreign Language Immersion Program. For the 2017-2018 school year, there are not the requisite commitments. Should the requisite number of students commit to the program in future years, the "STPSB" must comply with the requirements of [La.] R.S.17:273.3.

Ms. Ogden appealed the judgment. She makes two assignments of error on appeal. In her first assignment of error Ms. Ogden maintains that the trial court erred in denying her claims that enough students, through their parents, had notified the school system in a timely fashion so that the French immersion program should have been created for the 2018-2019 school year. In her second assignment of error, Ms. Ogden maintains that the trial court erred in failing to find that the school board's form was improper, as it contained conditions that are not authorized under Louisiana law.

## LOUISIANA REVISED STATUTE 17:273.3

At the pertinent time, La. R.S. 17:273.3 provided:

A. This Section shall be known and may be cited as the "Immersion School Choice Law".

. . . . .

C. (1) Any local public school board may establish a foreign language immersion program in any school under its jurisdiction that shall be open to the enrollment of any student who resides within the jurisdictional boundaries of the school district.

7

(2)(a) Beginning with the 2014-2015 school year, a local school board, if requested in writing by the parents or legal guardians of at least twenty-five students seeking to be enrolled in kindergarten or of at least twenty-five students seeking to be enrolled in first grade who reside within the jurisdictional boundaries of the school district, shall establish a foreign language immersion program for such students, provided that all of the following apply:

(i) The parent or legal guardian of each student commits, in writing, that the student will participate in the program.

(ii) The requisite number of written requests are submitted to the local school board not later than March first prior to the school year in which the program is to be established.

(iii) The minimum foundation program formula provides funding to local school systems employing foreign language teachers to provide salary supplements for such teachers at a level equal to or greater than the level of funding provided for this purpose through such formula for the 2011-2012 fiscal year.

(iv) A sufficient number of foreign language teachers with the required credentials as prescribed by the State Board of Elementary and Secondary Education are available through programs administered by the Department of Education and the Council for the Development of French in Louisiana to establish the program.

(v) There is no existing foreign language immersion program offered by the local school board, in the same foreign language being proposed, that has been certified by the State Board of Elementary and Secondary Education pursuant to R.S. 17:273.2.

(b) Such program shall be continued as long as at least twenty students remain enrolled in the program.

(c) The local school board shall ensure that any foreign language immersion program established pursuant to this Section is designated as a Certified Foreign Language Immersion Program by the State Board of Elementary and Secondary Education in accordance with R.S. 17:273.2 within three years from the date such program is established.

D. Notwithstanding any provision of R.S. 17:158 to the contrary, a local school board shall not be required to provide transportation to any student enrolled in a foreign language immersion program established pursuant to this Section that is located outside of the attendance zone of the school the student would otherwise attend, if

8

providing such transportation would result in additional transportation costs to the school system.

E. A local public school board shall not deny enrollment in a foreign language immersion program to any student if all of the following conditions are met:

(1) The minimum foundation program formula provides funding to local school systems employing foreign language teachers to provide salary supplements for such teachers at a level equal to or greater than the level of funding provided for this purpose through such formula for the 2011-2012 fiscal year.

(2) A sufficient number of foreign language teachers with the required credentials as prescribed by the State Board of Elementary and Secondary Education are available through programs administered by the Department of Education and the Council for the Development of French in Louisiana to accommodate all interested students in the program.

(3) The student resides within the jurisdictional boundaries of the school district.

(4) The student applies for enrollment in such a program by no later than April fifteenth of the school year prior to such enrollment.

(5) If the student is entering second grade or above, he is sufficiently proficient in the target language or is transferring from a certified foreign language program in another Louisiana school district.

F. The requirements of Subparagraph (C)(2)(b) and Subsection E of this Section shall apply to a foreign language immersion program established prior to the 2012-2013 school year. The local school board shall ensure that such program is designated as a Certified Foreign Language Immersion Program by the State Board of Elementary and Secondary Education in accordance with R.S. 17:273.2 by not later than July 1, 2017.

G. Nothing in this Section shall contravene any order of a court of competent jurisdiction providing for the assignment of pupils within the school system.

## ASSIGNMENT OF ERROR NO. 2

In this assignment of error, Ms. Ogden maintains that the trial court erred in

failing to find that the STPSB's form was improper as it contained conditions not

9

authorized under Louisiana law.

Because this matter involves the interpretation of a statute, it is a question of law, and is thus reviewed by this court under a de novo standard of review. **Red Stick Studio Development, L.L.C. v. State ex rel. Dept. of Economic Development**, 2010-0193 (La. 1/19/11), 56 So.3d 181, 187.

Louisiana Revised Statute 17:273.3C(2)(a)(i) provides that the parent or legal guardian of each student must commit, in writing, that the student will participate in the foreign language immersion program. The STPSB needs to ascertain that there is a firm commitment to the French immersion program before they embark upon funding the program, hiring the staff, and implementing the program.

However, while the statute requires a parent to commit to the French immersion program, it does not provide for an irrevocable commitment. It does not set forth the length of the commitment, and it provides no penalty if the student withdraws from the immersion program. Further, the fact that La. R.S. 17:273.3C(2)(b) provides the immersion program "shall be continued as long as at least twenty students remain enrolled in the program" clearly indicates the legislation anticipated some of the original twenty-five students applying might withdraw from the immersion program. There are a number of legitimate reasons why a parent might withdraw a student from the immersion program during the school year despite their original intent to participate, such as relocation due to job loss or divorce, a child's failure to thrive in the program, or a parent's inability to continue providing transportation to the program site. This assignment of error has merit.

10

Thus, that portion of the judgment dismissing Ms. Ogden's request for a permanent injunction prohibiting the STPSB from requiring an applicant's irrevocable commitment to participate in the immersion program is reversed, and we grant a permanent injunction prohibiting the STPSB from requiring an applicant's irrevocable commitment to participate in the immersion program.

## ASSIGNMENT OF ERROR NO. 1

In this assignment of error, Ms. Ogden maintains that the trial court erred in denying her claim that enough students, through their parents, had notified the school system in a timely fashion so that the French immersion program should have been created for the 2018-2019 school year.

It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of manifest error or unless it is clearly wrong. **Rosell v. ESCO**, 549 So.2d 840, 844 (La. 1989). If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. **Sistler v. Liberty Mut. Ins. Co.**, 558 So.2d 1106, 1112 (La. 1990).

Louisiana Revised Statute 17:273.3C(2)(a) requires that there must be a request in writing by the parents or legal guardians of at least twenty-five students seeking to be enrolled in kindergarten or of at least twenty-five students seeking to be enrolled in first grade who reside within the jurisdictional boundaries of the school district in order for the local school board to establish a foreign language immersion program for such students. Further, the parent or legal guardian of each

11

student must commit in writing that the student will participate in the program. La. R.S. 17:273.3C(2)(a)(i).

Our review of the record shows that the parent or legal guardian commitments per grade fell short of the twenty-five per grade level required by the statute. We note that the form used by the STPSB requiring an irrevocable commitment by the parent or legal guardian of the students likely resulted in a decrease in the number of students committing to the immersion program.

We have already determined that the trial court erred in not granting a permanent injunction prohibiting the STPSB from requiring an irrevocable commitment by the parents or legal guardians of the students applying for the immersion program; however, claims for injunctive and declaratory relief regarding the 2018-2019 school year are moot, as that school year has been completed, and those claims are dismissed.

**DECREE**

For the foregoing reasons, the trial court judgment, denying Anne Ogden's claims individually and on behalf of her minor child, and dismissing the suit against the St. Tammany Parish School Board and W.L. Folse, III, in his capacity as Superintendent of St. Tammany Parish Schools, is reversed insofar as it denied a permanent injunction prohibiting the STPSB from requiring an applicant's irrevocable commitment to participate in the immersion program, and a permanent injunction is granted prohibiting the STPSB from requiring an applicant's irrevocable commitment to participate in the immersion program. The claims for injunctive and declaratory relief regarding the 2018-2019 school year are dismissed as moot. Costs of this appeal in the amount of $2,034.98 are assessed

12

against the St. Tammany Parish School Board and W.L. Folse, III, in his capacity as Superintendent of St. Tammany Parish Schools.

**APPEAL DISMISSED IN PART, AS MOOT; JUDGMENT REVERSED IN PART; PERMANENT INJUNCTION GRANTED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0610

ANNE OGDEN, INDIVIDUALLY AND O/B/O MINOR CHILD

VERSUS

ST. TAMMANY PARISH SCHOOL BOARD, W.L. FOLSE, III,
IN HIS CAPACITY AS SUPERINTENDENT,
ST. TAMMANY PARISH SCHOOLS

**THERIOT, J., agrees and assigns additional reasons.**

I agree with the majority and write separately to add that effective August 1, 2018, La. R.S. 17:273.3 was amended by Acts 2018, No. 622, § 1 to include, in relevant part, a provision providing that "[t]he local school board shall consider the location of all students applying for a foreign language immersion program and shall make reasonable attempts to place the program in schools located near the majority of the students who applied."